IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CONTINENTAL RESOURCES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WYOTEX OIL COMPANY,<br><br>Defendant. | CV 17-148-BLG-TJC<br><br>**ORDER** |

Plaintiff Continental Resources, Inc. ("Continental") brought this action on November 1, 2017 against Wyotex Oil Company ("Wyotex") to recover costs associated with two oil and gas wells that Continental drilled in Richland County, Montana in 2014 and to foreclose against its oil and gas well lien. (Doc. 1.)

On April 20, 2020, the Court granted the withdrawal of Defendant Wyotex Oil Company's counsel and required that Wyotex retain new counsel within 30 days of the Order's date. (Doc. 61.) The Order further stated that if Wyotex was unable to obtain new counsel, it was required to submit a status report to the Court detailing the reasons why counsel had not been retained. Wyotex failed to retain new counsel or file a status report.

On July 30, 2020, the Court held a Show Cause Hearing, requiring Wyotex to show cause why it should not be held in default for failing to comply with the Court's Order. Wyotex did not appear at the hearing. As a result, the default was

1

entered against Wyotex under Federal Rule of Civil Procedure 55(a) for failure to defend. (Doc. 66.)

The Court subsequently held a Default Judgment Hearing to establish the amount of Continental's damages. (Doc. 69.) The Court heard testimony from Continental's employee, Tejay Botchlet, Supervisor of the Bakken North Division. (*Id.*) Continental filed a post-hearing Proposed Findings of Fact and Conclusions of Law, summarizing its legal claims and elements of damages. (Doc. 70.)

For the following reasons, the Court finds default judgment should be entered in favor of Continental and against Wyotex, and that damages be awarded in the amount of $1,448,179.82.

## I. BACKGROUND

After the entry of default, the factual allegations of the complaint are accepted as true, except those relating to the amount of damages. *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977). Consequently, the following facts are taken from Continental's Complaint. (Doc. 1.)

Continental is an Oklahoma corporation that drilled the following two wells in Richland County, Montana:

1. Bauer 1-29 HR in Township 25 North, Range 55 East, Section 29: NE4/NE4, in the spacing unit located in Township 25 North, Range 55 East, Sections 29 and 32.

2.    Stanley 1-17HR in Township 25 North, Range 55 East, Section 17: NE4/NW4 in the spacing unit located in Township 25, North, Range 55 East, S2 Section 8, N2 Section 17.  (*Id.* at ¶¶ 1, 6.)

Wyotex, a Wyoming Corporation, elected to participate in the development of the Units and common sources of supply, and further agreed to pay its proportionate cost of the Wells.  (*Id.* at ¶¶ 2, 7.)

Continental caused the Wells to be drilled, and billed Wyotex for its proportionate share of the actual cost of developing, drilling, completing, maintaining, and repairing the Wells.  (*Id.* at ¶ 8.)  Continental sent joint interest billing statements to Wyotex, which reflected Wyotex's proportionate share of costs of the materials and services provided by Continental.  (*Id.* at ¶ 12.)  Wyotex refused and continues to refuse to pay its share of the joint interest billing statements.  (*Id.* at ¶ 14.)

On November 5, 2015, Continental filed a Statement of Oil and Gas Well Lien (the "Lien") pursuant to Mont. Code Ann. §§ 71-3-1004 and 82-11-212, in the office of the Richland County Clerk and Recorder, a copy of which was attached as Exhibit 1 to the Complaint.  (*Id.* at ¶ 9; Doc. 1-2.)

/ / /

/ / /

/ / /

## II. DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy meets the jurisdictional threshold. Continental is an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma, and Wyotex is a Wyoming corporation with its principal place of business in Lakewood, Colorado. (Doc. 1 at ¶¶ 1-2.) The amount in controversy exceeds $1 million dollars. (*Id.* at ¶¶ 16-17.) Wyotex is also subject to the Court's personal jurisdiction because the claims involve the ownership, use and interest in property situated within Montana, and because Wyotex previously appeared in this action voluntarily. Mont. R. Civ. P. 4(b)(1)(C); (b)(2)(B).

### B. Entry of Default Judgment

The entry of default judgment against a party is governed by Fed. R. Civ. P. 55(b). If the claim is for a "sum certain or a sum that can be made certain by computation" the clerk must enter judgment for that amount against the defaulting

party.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the party must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b)(2).

The decision to grant default judgment under Fed. R. Civ. P. 55(b)(2) is left to the court's discretion.  *Albade v. Albade,* 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether default judgment is appropriate, the following factors may be considered: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The first *Eitel* factor weighs in favor of default.  Wyotex failed to comply with this Court's order to retain new counsel.  The failure of a corporation to secure counsel after having been given ample time for doing so may result in the entry of default judgment against the Corporation.  *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  In light of Wyotex's apparent unwillingness to litigate, Continental "will likely be without other recourse or recovery" if the Court does not enter default judgment.  *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Prejudice to Continental is therefore clear.

The second and third factors are also met. Continental alleges facts which state a plausible claim for relief, as required by Fed. R. Civ. P. 8(a). Continental has sufficiently alleged a breach of contract claim against Wyotex. Under Montana law, the essential elements of a contract are: "(1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration." Mont. Code Ann. § 28-2-102. Continental has alleged Wyotex agreed to participate in the Wells and pay its proportionate share of the cost of the Wells, but after Continental drilled the Wells, Wyotex has refused to pay its share of the costs. (Doc. 1 at ¶¶ 7-8.)

Continental's claim for lien foreclosure also has merit. Mont. Code Ann. § 82-11-212 provides that a well operator is entitled to a lien upon each owner's oil and gas rights in order to secure payment for services provided by the operator in connection with the well. The party asserting the lien must file with the county clerk in which the land or leasehold is situated a verified affidavit setting forth: (a) the amount of the lien; (b) the dates on which the labor was performed, or the material or services were furnished; (c) the name of the owner of the leasehold; (d) the claimant and claimant's mailing address; and (e) a description of the leasehold. Mont. Code Ann. § 71-3-1004. The lien statement must be filed within 6 months after the date upon which the material or services were last furnished. *Id.* Based

on Exhibit 1 to the Complaint, Continental has complied with the requirements of §71-3-1004. (Doc. 1-2.)

Under the fourth factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; see *Eitel*, 782 F.2d at 1471-72. Here, although the sum of money at stake is substantial, it is tailored to the damages caused by Wyotex's breach of contract. Based on the parties agreement, Continental seeks $1,101,561.72 in actual damages for breach of contract. In addition, Continental seeks $256,399.81 in pre-judgment interest; $79,927.00 in attorneys' fees; and $5,635.55 in costs. (Doc. 70 at ¶ 21.) As discussed below, the Court concludes that the evidence generally supports an award in the amount requested by Continental, with certain adjustments.

As to the fifth factor, before Wyotex's counsel withdrew, the Court granted partial summary judgment to Continental on its breach of contract claim, but found there was a question of fact as to Wyotex's participation percentage. (Doc. 53.) The Court further found Continental's Lien was valid, but foreclosure of the Lien was premature because the final amount of Lien was not settled. (*Id.*) Following the Court's decision on summary judgment, a trial was scheduled. (Doc. 57.) Wyotex's counsel later withdrew. (Doc. 61.) Thereafter, Wyotex failed to obtain new counsel and did not take any further action to defend itself. (Docs. 62, 64, 66,

69.) Upon entry of default by the Clerk of the Court, the factual allegations of the Complaint related to liability were taken as true. *Geddes,* 559 F.2d at 560. Accordingly, the possibility of a genuine dispute concerning material facts no longer exists.

As to the sixth *Eitel* factor, Wyotex had ample warning that it risked default unless it obtained counsel. (Docs. 64, 66.) There is no indication that Wyotex's default is due to excusable neglect. Further, Wyotex has not made any attempt to set aside its default since it was entered on July 30, 2020. (Doc. 66.)

Finally, the seventh factor does not weigh against the entry of default judgment. Although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive." *PepsiCo,* 238 F. Supp. 2d at 1177. Fed. R. Civ. P. 55(b) allows the court to enter a default judgment if a defendant fails to defend against an action. *Id.* Here, Wyotex's failure to participate in this litigation makes a decision on the merits impossible. The federal rules provide for the entry of default judgment in these circumstances.

Therefore, after consideration of the *Eitel* factors, the Court finds that the entry of default judgment is appropriate.

/ / /

/ / /

/ / /

### C. Damages

To recover damages after securing a default judgment, the plaintiff must provide evidence of its damages through admissible evidence. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

#### a. Breach of Contract Damages

Here, Continental presented the testimony of its employee, TeJay Botchlet, at the Default Judgment Hearing to establish that the amount of its damages for the breach of contract claim is $1,101,561.72. (Doc. 69.) The Court accepts the representation made by Mr. Botchlet.

Continental is therefore owed $1,101,561.72 in actual damages.

#### b. Prejudgment Interest

Continental seeks an award of prejudgment interest on its damages for breach of contract under Mont Code Ann. § 25-9-205. The Court finds Continental is entitled to prejudgment interest. Continental has submitted a declaration from W. Scott Mitchell setting forth its calculation of prejudgment interest. (Doc. 70-1 at ¶¶ 6-9.) The Court finds Mr. Mitchell's declaration persuasive, and adopts the calculations set forth therein. The calculation for the time period starting January 1, 2020 has been adjusted to reflect prejudgment interest to the date of this Order.

Accordingly, Continental is owed $256,399.81 in prejudgment interest from October 13, 2017 through November 13, 2020, calculated as follows:

| | |
|---|---|
| October 13, 2017 to December 31, 2017: | $16,297.08 |
| January 1, 2018 to December 31, 2018: | $82,617.13 |
| January 1, 2019 to December 31, 2019: | $93,632.75 |
| January 1, 2020 to November 13, 2020: | $74,144.14 |
| Total: | $266,691.10 |

    c.    <u>Lien Foreclosure</u>

Next, Continental seeks a judgment against Wyotex on its lien foreclosure claim. Montana Code Ann. § 82-11-212 provides that a well operator is entitled to a lien upon each owner's oil and gas rights in order to secure payment for services provided by the operator in connection with the well. Mont. Code. Ann. § 82-11-212. The procedure for perfecting the lien is set forth in Mont. Code Ann. § 71-3-1004. As discussed above, Continental has complied with the requirements of § 71-3-1004. (Doc. 1-2.) The Court further notes that when Wyotex was participating in this litigation, it did not dispute that Continental's Lien was valid. The Court finds Continental's Lien is, therefore, valid and enforceable.

Accordingly, Continental is entitled to enforce its Oil and Gas Lien previously recorded in Richland County on the Bauer 1-29HR and Stanley 1-17HR Wells.

/ / /

/ / /

      d.    <u>Attorneys' Fees</u>

Continental seeks attorneys' fees under Montana Code Ann. § 71-3-124. Section 71-3-124 provides that in an action to foreclose the lien, "the court shall allow as costs the money paid and attorney fees incurred for filing and recording the lien and reasonable attorney fees in the district and supreme courts." Mont. Code Ann. § 71-3-124. The Montana Supreme Court has held that an attorney fee award under § 71-3-124 is mandatory. *Vintage Constr., Inc. v. Feighner*, 394 P.3d 179, 188 (Mont. 2017).

Continental has submitted declarations from W. Scott Mitchell and Amy J. Pierce in support of its request for fees. (Docs. 70-1, 70-2.) Mr. Mitchell states that the total amount of fees billed to Continental for services performed by his law firm from the inception of the case through August 31, 2020 is $16,839.50. (Doc. 70-1 at ¶ 5.) Ms. Pierce states that total amount of fees billed to Continental for services performed by her law firm from the inception of the case through September 28, 2020 is $63,087.50. (Doc. 70-2 at ¶ 4.)

The Court finds that an award of attorneys' fees is required in this case pursuant to Mont Code. Ann. §71-3-124. The Court has reviewed the billing spreadsheets submitted by Continental's counsel, and finds counsel's rates and hours expended in this litigation are reasonable.

Accordingly, Continental is entitled to its attorneys' fees in the amount of $79,927.00.

    e.    <u>Costs</u>

Finally, Continental requests $5,635.55 in costs. Continental supports its request with the declaration of Ms. Pierce, who states the costs represent fees for court reporters, mediation fees, and fees for travel expenses in connection with this litigation. (Doc. 70-2 at ¶ 6.) While the Court may award costs to the prevailing party, Fed. R. Civ. P. 54(d)(1), it may only award costs authorized by statute. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The general provision for recovery of costs lists six categories of recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Court finds Continental is entitled to those costs that are allowable under 28 U.S.C. § 1920. But based on the declaration of Ms. Pierce, it appears Continental is requesting taxation of costs that are not authorized by statute. For example, mediation fees are not taxable under § 1920. *Sea Coast Foods, Inc. v.*

*Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) ("[N]othing in 28 U.S.C. § 1920 provides for the costs of a mediator."). Continental has not articulated any other statutory authority for taxation of mediation costs.

Accordingly, if Continental wishes to recover its costs, it shall follow the procedure set forth in L.R. 54.1, which provides:

> Within 14 days after the entry of a judgment allowing costs, the prevailing party may serve and file an application for the taxation of costs. The application must be made on Form AO-133, Bill of Costs, available on the court's website. Failure to comply with any provision of this subsection (a) will be deemed a waiver of all costs except clerk costs.

L.R. 54.1(a).

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court is directed to enter default judgment in favor of Continental against Wyotex as follows:

| | |
|---|---|
| Breach of Contract damages: | $1,101,561.72 |
| Pre-judgment interest: | $266,691.10 |
| Attorneys' Fees: | $79,927.00 |

Continental is entitled to costs upon a proper showing pursuant to L.R. 54.1, and post-judgment interest on the Judgment at the rate specified in § 25-9-205, MCA from the date of this Order until satisfaction of the judgment.

The Court further orders judgment in favor of Continental on its Lien Foreclosure claim and Wyotex's leasehold or other property identified in the November 5, 2015 Statement of Oil and Gas Lien filed in the office of the Richland County Clerk and Recorder at Book E423 and Page 972 may be sold to satisfy this judgment.

**IT IS ORDERED**.

DATED this 13th day of October, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge